IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| East Bay Restaurant & <br> Tavern Retirement Plan, et al. <br> <br> v. <br> <br> Fundamental Capital <br> Management, LLC, et al. | No. 1:20-cv-00795-CFC |

**STIPULATION AND [PROPOSED] ORDER**
**FOR STAY IN FAVOR OF ARBITRATION**

Plaintiffs East Bay Restaurant and Tavern Retirement Plan and Lian Alan, Doug Cornford, Yulisa Elenes, Kevin Gleason, Wei-Ling Huber, and Jose Zarate, in their capacities as Trustees of the East Bay Restaurant and Tavern Retirement Plan ("Plaintiffs" or "East Bay") and Defendants Fundamental Capital Management, LLC and John Krieger ("Defendants" or the "Fundamental Capital Parties") (Plaintiffs and Defendants are jointly referred to as the "Parties"), hereby submit the following Stipulation to Arbitration and Stay of Proceedings Pursuant to 9 U.S.C. § 3:

WHEREAS, East Bay filed an initial complaint in the United States District Court for the Central District of California on or about June 11, 2020, against the Fundamental Capital Parties, advancing substantially similar claims against another hedge fund and filed a First Amended Complaint ("California FAC") on September 28, 2020 (the "California Action"), *see East Bay Restaurant & Tavern Retirement Plan et al. v. Grasswood Partners, Inc. et al.*, Case No. 2:20-cv-05204-RGK (GJS) (C.D. Cal.);

1

WHEREAS, East Bay also filed an initial complaint against the Fundamental Capital Parties in this Court on or about June 11, 2020 (the "Delaware Complaint"), advancing substantially similar claims as in the California Action (the "Delaware Action");

WHEREAS, the Fundamental Capital Parties have indicated that they intend to move to compel arbitration in both actions pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 and the operative Limited Partnership Agreements ("LPAs") applicable to the respective hedge funds involved in either case (*see* Exhibit A to the Delaware Complaint; Exhibit 4 to the California FAC);

WHEREAS, Plaintiffs have agreed to submit both this Delaware Action and the California Action to arbitration, provided that both matters are stayed until the arbitration comes to a final disposition and a motion to enforce any such disposition is filed in the respective courts in order to permit the adjudication of any appeal and the resolution of any remaining claims;

WHEREAS, both Parties have agreed that both the California and Delaware Actions may be amenable to mediation, and hereby agree to further confer in good faith to jointly select a mediator and to calendar a mediation date in early December 2020;

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs and Defendants, subject to the approval of the Court:

1. As set forth in the LPAs and pursuant to applicable law, Plaintiffs shall submit their claims for arbitration to the American Arbitration Association (the "Arbitration"). By this Stipulation, Plaintiffs agree to consolidate their claims from both the California Action and the Delaware Action into one Statement of Claim and hereby agree to litigate both matters in the Arbitration together. The Statement of Claim in the Arbitration will be co-extensive with the California FAC and the Delaware Complaint in that it will include substantially the same claims

as Plaintiffs pled in the California FAC and the Delaware Complaint, be based on the same nucleus of facts, and be against the same parties and covering the same time period.

2. The Arbitration shall be held pursuant to the AAA Commercial Arbitration Rules (the "AAA Rules") and any arbitration hearings will be located in Los Angeles, California, or held virtually, as circumstances may warrant.

3. Although the LPAs call for a single arbitrator, in consideration of the Plaintiffs' agreement to consolidate their claims in one forum and to submit to arbitration under the AAA Rules, the Fundamental Capital Parties agree that there will be three arbitrators, with each party selecting one arbitrator and the two arbitrators selected by the respective parties selecting the third arbitrator. Each arbitrator will be an attorney qualified and listed as a AAA arbitrator on AAA's National Roster.

4. The Parties need not select an arbitrator located in the Los Angeles area, but the party selecting an out-of-town arbitrator will pay any travel expenses associated with that arbitrator's travel and lodging in Los Angeles during any in-person hearings. Should the two arbitrators select a third arbitrator who is not local to Los Angeles, any travel expenses for the third arbitrator shall be equally divided between the Parties.

5. All other fees and expenses shall be handled pursuant to the AAA Rules.

6. The AAA Rules and applicable law shall govern any choice of law issues, as well as discovery. Notwithstanding the above, the Parties agree to three single-day depositions per side. These depositions may be taken of any party—or employee and/or agent of any party—to either the California Action or the Delaware Action. These depositions will proceed according to the Federal Rules of Civil Procedure. The Fundamental Capital Parties do not agree by way of

this Stipulation to discovery from, or depositions of, any third parties, except to the extent permitted by the AAA Rules or ordered by the arbitration panel.

7. The Fundamental Capital Parties agree that, provided no new claims or parties are added, they will not file any motions to dismiss, but reserve the right to file dispositive motions at the close of discovery, including but not limited to summary judgment motions, in whole or in part, or other motions to eliminate claims or evidence (e.g. motions *in limine*). Should any new claims or parties be added by the Plaintiffs, the Fundamental Capital Parties reserve the right to file a motion to dismiss, but any such motion shall be limited to matters related to any such new claims or parties.

8. This stipulation is contingent on the Court staying the instant matter, as well as the District Judge in the California Action also staying that action. The Parties agree and request that this Delaware Action be stayed pending arbitration, with respect to all Defendants. Should California Action Defendants Grasswood Partners and Dale H. Stevens agree to submit to arbitration on their behalf, the claims against them in the California Action shall be consolidated in the same arbitration.

9. The Parties also agree to meet and confer in good faith to select a private mediator and to calendar a mediation in December, 2020.

[SIGNATURES ON FOLLOWING PAGE]

Dated: October 14, 2020

| | |
|---|---|
| MARKOWITZ & RICHMAN | PINCKNEY, WEIDINGER, URBAN & JOYCE LLC |
| /s/ Claiborne S. Newlin | /s/ Elizabeth Wilburn Joyce |
| Claiborne S. Newlin (DE #4745) | Elizabeth Wilburn Joyce (DE #3666) |
| Legal Arts Building | Megan Ix (DE #6721) |
| 1225 King Street, Suite 804 | 3711 Kennett Pike, Suite 210 |
| Wilmington, DE 19801 | Greenville, DE 19807 |
| (302) 656-2308 | (302) 504-3360 |
| Email: cnewlin@markowitzandrichman.com | Email: ewilburnjoyce@pwujlaw.com |
| | mix@pwujlaw.com |
| Of Counsel: | Of Counsel: |
| SPECTOR ROSEMAN & KODROFF PC | BAKER MARQUART LLP |
| John Macoretta | Keri Curtis Axel (SBN 186847) |
| Diana J. Zinzer | 777 S. Figueroa Street, Suite 2850 |
| Admitted Pro Hac Vice | Phone: (213) 314-5284 |
| 2001 Market Street, Suite 3420 | E-mail: kaxel@bakermarquart.com |
| Philadelphia, PA 19103 | |
| Email: dzinser@srkattorneys.com | |
| jmacoretta@srkattorneys.com | |
| *Attorneys for Plaintiffs East Bay Restaurant and Tavern Retirement Plan, et. al.* | *Attorneys for Defendants Fundamental Capital Management, LLC and John Krieger* |

SO ORDERED this 16th day of October, 2020.

_____
The Honorable Colm F. Connolly
United States District Judge